1  Michael J. Christian (State Bar No. 173727)
   JACKSON LEWIS P.C.
2  400 Capitol Mall - Suite 1600
   Sacramento, California 95814
3  Telephone    916-341-0404
   Facsimile    916-341-0141
4  E-mail: Michael.Christian@jacksonlewis.com

5  Michael Y. Hsueh (State Bar No. 286548)
   JACKSON LEWIS P.C.
6  160 W. Santa Clara Street, Suite 400
   San Jose, CA 95113
7  Telephone:    (408) 579-0404
   E-mail: Michael.Hsueh@jacksonlewis.com
8
   Attorneys for Defendants
9  CITY OF PACIFIC GROVE, CALIFORNIA;
   CATHY MADALONE; AND BEN HARVEY
10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT – SAN JOSE

13

14 MICHAEL GONZALEZ,                     Case No. 5:22-cv-01079-SVK

15          Plaintiff,                   *Assigned for all purposes to Magistrate
                                         Judge Susan van Keulen*
16      v.
                                         **DEFENDANTS' ANSWER TO
17 CITY OF PACIFIC GROVE, CALIFORNIA;    PLAINTIFF'S COMPLAINT FOR
   POLICE CHIEF CATHY MADALONE;          RETALIATION FOR EXERCISE OF
18 CITY MANAGER BEN HARVEY; DOES 1-      FIRST AMENDMENT RIGHTS, IN
   10,                                   VIOLATION OF 42 U.S.C. § 1983**
19
20          Defendants.                  Courtroom: 6
                                         Judge:     Hon. Susan van Keulen
21
                                         Complaint Filed:   02.22.2022
22                                       Trial Date:        Not set

23

24      Defendants CITY OF PACIFIC GROVE, CALIFORNIA, CATHY MADALONE, and

25 BEN HARVEY ("Defendants") hereby answer the Complaint ("Complaint") filed by Plaintiff

26 MICHAEL GONZALEZ ("Plaintiff") as follows:

27 //

28 //

## INTRODUCTION AND FACTUAL BACKGROUND

1.      Paragraph 1 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

2.      Defendants admit that Plaintiff was terminated from his job as a police officer because of his posts on his personal social media account regarding matters of public concern. Defendants deny that Plaintiff "was fired because one City Council did not like his political view."  The remainder of the Paragraph 2 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

3.      Defendants admit that Plaintiff was a former Pacific Grove Police Officer for approximately 4 years, that he was named Officer of the Year, and that he earned the Department's Lifesaving Award.  Defendants deny that Plaintiff had a clean disciplinary record. Defendants lack sufficient information or belief to admit or deny the remainder allegations of Paragraph 3.  To the extent a response is required, Defendants deny those allegations.

4.      Defendants admit that Plaintiff posted the phrase "Free Kyle Rittenhouse" and posted an image that said "Fuck 'Black Lives Matter'" on his personal social media account and that Plaintiff was terminated, in part, because of his "Fuck 'Black Lives Matter'" post.  The remainder of Paragraph 4 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

5.      Paragraph 5 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

6.      Paragraph 6 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

7.      Defendants admit that Plaintiff was terminated from his job, in part, because of his "Fuck 'Black Lives Matter'" post on his personal social medial account and that the City Manager upheld this decision in writing.  Defendants lack sufficient information or belief to admit or deny the remainder allegations of Paragraph 7 of the Complaint, and on that basis deny these allegations.

8.      Defendants lack sufficient information and belief to admit or deny the allegations in Paragraph 8 of the Complaint, and on that basis deny these allegations.

## JURISDICTION, VENUE AND PARTIES

9.      Paragraph 9 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants admit those allegations.

10.      Paragraph 10 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants admit those allegations.

11.      Defendants admit that Plaintiff is a former police officer with the City of Pacific Grove.

12.      There are no allegations in Paragraph 12 to admit or deny.

13.      Defendants admit that Defendant Cathy Madalone is the Chief of Police of the City of Pacific Grove.   The remainder of Paragraph 13 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants  admit those allegations.

14.      Defendants admit that Defendant Ben Harvey is the City Manager of the City of Pacific Grove.  The remainder of Paragraph 14 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants admit those allegations.

15.      Defendants admit that Jenifer McAdams is a Councilmember for the City of Pacific Grove.  The remainder of Paragraph 15 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

16.      Paragraph 16 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

17.      Paragraph 17 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

18.      Paragraph 18 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

19.     Paragraph 19 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

### FACTS

20.     Defendants admit that Plaintiff had a "Trump-Pence" bumper sticker and a "Liberty Guns Beer Trump" bumper sticker on his pickup truck.  Defendants lack sufficient information or belief to admit or deny the remainder allegations of Paragraph 20, and on that basis deny those allegations.

21.     Defendants admit that Plaintiff flew two American flags and had a "Thin Blue Line" bumper sticker on his pickup truck.  Defendants further admit that Plaintiff's pickup truck also had "The Punisher" and "Three Percenters" decals.  Defendants lack sufficient information or belief to admit or deny the remainder allegations of Paragraph 21, and on that basis deny those allegations.

22.     Defendants admit that Pacific Grove has an elected City Council.  Defendants lack sufficient information and belief to admit or deny the remainder of the allegations of Paragraph 22, and on that basis deny those allegations.

23.     Defendants lack sufficient information and belief to admit or deny the the allegations of Paragraph 23, and on that basis deny those allegations.

24.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 24 of the Complaint, and on that basis deny those allegations.

25.     Defendants admit that Council Member McAdams emailed Defendant Cathy Madalone on May 23, 2020, seeking information regarding who the owner of Plaintiff's pickup truck was.  Defendants deny the remainder allegations of Paragraph 25 of the Complaint.

26.     Defendants admit that Mary Duan wrote an article about the stickers on Plaintiff's pickup truck and that she filed a Public Records Acts request with the City.  Defendants lack sufficient information or belief to admit or deny the remainder allegations of Paragraph 26 of the Complaint, and on that basis deny those allegations.

27.     Defendants admit the allegations of Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

29.     Paragraph 29 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

30.     Defendants admit that Defendant Cathy Madalone had been hired from another City.  The remainder of Paragraph 30 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

31.     Defendants admit that Plaintiff was summoned to a meeting.  Defendants further admit that Commander Lakind, in another conversation, gave Plaintiff a choice of removing the offending decals or he could move his vehicle off City property.  Defendants lack sufficient information or belief to admit or deny the remainder allegations of Paragraph 31, and on that basis deny those allegations

32.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 32, and on that basis deny those allegations.

33.     Defendants admit that Defendant Cathy Madalone told Plaintiff that she was placing him on administrative leave and that she told him "the matter is not up for discussion" when he asked why.  Defendant further admit that there was brief discussion about an article coming out regarding Plaintiff's truck.  Defendants deny the remainder allegations of Paragraph 33.

34.     Defendants admit that Plaintiff was placed on administrative leave and that Defendant Cathy Madalone issued several public statements regarding Plaintiff's bumper stickers/decals and that the Department was investigating.  Defendants deny the remainder allegations of Paragraph 34.

35.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 35, and on that basis deny those allegations.

36.     Paragraph 36 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

37.     Defendants deny the allegations of Paragraph 37 of the Complaint.

38.     Defendants admit that Mr. Gonzalez described his reaction to the new article in the Department's internal investigation as written.  Defendants deny the remainder allegations of Paragraph 38 of the Complaint.

39.     Defendants admit that the investigation did not sustain violations of Police Department policy.    Defendants deny the remainder allegations of Paragraph 39 of the Complaint.

40.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 40, and on that basis deny those allegations.

41.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 41, and on that basis deny those allegations.

42.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 42, and on that basis deny those allegations.

43.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 43, and on that basis deny those allegations.

44.     Paragraph 44 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

45.     Defendants deny that Council Member McAdams's complaint was "not sustained," rather the investigation did not sustain violations of Police Department policy and Defendants further deny that Defendant Cathy Madalone's statement was apologetic. Defendants admit the remainder allegations of Paragraph 45 of the Complaint.

46.     Defendants admit the allegations of Paragraph 46 of the Complaint.

47.     Defendants admit the allegations of Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

49.     Paragraph 49 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS, IN VIOLATION OF 42 U.S.C. § 1983

50.     Paragraph 50 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

51.     Defendants admit the allegations of Paragraph 51 of the Complaint.

52.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 52, and on that basis deny those allegations.

53.     Defendants admit that on September 3, 2020, Defendant Ben Harvey emailed Pacific Grove staff to inform them that Plaintiff would be returning to work.  The remainder of Paragraph 53 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

54.     Defendants deny that the email was sent one hour later but admit the remainder allegations of Paragraph 54 of the Complaint.

55.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 55, and on that basis deny those allegations.

56.     Defendants admit that Council Member McAdams emailed Defendant Cathy Madalone on November 28, 2020 regarding Plaintiff's posts on Parler.  The remainder of Paragraph 56 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

57.     Defendants admit the allegations of Paragraph 57 of the Complaint.

58.     Defendant admit that Council Member McAdams informed Defendant Cathy Madalone that screenshots were sent to her by a concerned resident.  The remainder of Paragraph 58 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

59.     Defendants admit that Council Member McAdams asked Defendant Cathy Madalone why Plaintiff's Parler posts did not constitute violations of Department codes and policies.  Defendants deny the remainder allegations of Paragraph 59 of the Complaint.

60.     Defendants deny that Plaintiff's termination was based on his social media post "Free Kyle Rittenhouse" or that his termination was based solely on his social media posts. Defendants admit the remainder allegations of Paragraph 60 of the Complaint.

61.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 61, and on that basis deny those allegations.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

63.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 63, and on that basis deny those allegations.

64.     Paragraph 64 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

65.     Paragraph 65 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

66.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 66, and on that basis deny those allegations.

67.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 67, and on that basis deny those allegations.

68.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 68, and on that basis deny those allegations.

69.     Paragraph 69 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

70.     Paragraph 70 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

71.     Paragraph 71 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

72.     Paragraph 72 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

73.     Paragraph 73 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

74.     Paragraph 74 of the Complaint contains legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS, IN VIOLATION OF 42 U.S.C. § 1983

75.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 75, and on that basis deny those allegations.

76.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 76, and on that basis deny those allegations.

77.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 77, and on that basis deny those allegations.

78.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 78, and on that basis deny those allegations.

79.     Defendants admit that Plaintiff had a Parler account.  Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 79, and on that basis deny those allegations.

80.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 80, and on that basis deny those allegations.

81.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 81, and on that basis deny those allegations.

82.     Defendants admit that Plaintiff posed "Fuck 'Black Lives Matter'" on November 28, 2020 on his personal social media account.  Defendants lack sufficient information or belief to admit or deny the remainder allegations of Paragraph 82, and on that basis deny those allegations.

83.     Defendants deny the allegations of Paragraph 83 of the Complaint.

84.     The allegations of Paragraph 84 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

85.     Defendants admit that Plaintiff posed "Free Kyle Rittenhouse" on November 28, 2020 on his personal social media account.  Defendants lack sufficient information or belief to admit or deny the remainder allegations of Paragraph 85, and on that basis deny those allegations.

86.     Defendants deny the allegations of Paragraph 86.

87.     The allegations of Paragraph 87 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

88.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 88, and on that basis deny those allegations.

89.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 89, and on that basis deny those allegations.

90.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 90, and on that basis deny those allegations.

91.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 91, and on that basis deny those allegations.

92.     The allegations of Paragraph 92 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

93.     Defendants lack sufficient information or belief to admit or deny the allegations of Paragraph 93, and on that basis deny those allegations.

94.     The allegations of Paragraph 94 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

95.     The allegations of Paragraph 95 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

96.     The allegations of Paragraph 94 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

97.     Defendants admit the allegations of Paragraph 97 of the Complaint.

98.     Defendants deny terminating Plaintiff on the basis of his "Free Kyle Rittenhouse" post and admit that Plaintiff was terminated, in part, because his "Fuck 'Black Lives Matter'"

1    post violated Department code of conduct.   Defendants deny the remainder allegations of

2    Paragraph 98 of the Complaint.

3         99.     Defendants admit the allegations of Paragraph 99 of the Complaint.

4         100.    Defendants admit an evidentiary hearing was held before Defendant Ben Harvey

5    on February 11, 2021, at which Plaintiff contested his termination.   Defendant deny the

6    remainder allegations of Paragraph 100 of the Complaint.

7         101.    Defendants admit the allegations of Paragraph 101 of the Complaint.

8         102.    Defendants admit the allegations of Paragraph 102 of the Complaint.

9         103.    Defendants deny the allegations of Paragraph 103 of the Complaint.

10        104.    Defendants deny the allegations of Paragraph 104 of the Complaint.

11        105.    Defendants deny the allegations of Paragraph 105 of the Complaint.

12        106.    Defendants deny the allegations of Paragraph 106 of the Complaint.

13        107.    Defendants deny the allegations of Paragraph 107 of the Complaint.

14        108.    Defendants deny that Defendant Cathy Madalone "speculated."  Defendants admit

15   the remainder allegations of Paragraph 108 of the Complaint.

16        109.    The allegations of Paragraph 109 of the Complaint contain legal conclusions to

17   which no admission or denial is required.  To the extent a response is required, Defendants deny

18   those allegations.

19        110.    The allegations of Paragraph 110 of the Complaint contain legal conclusions to

20   which no admission or denial is required.  To the extent a response is required, Defendants deny

21   those allegations.

22        111.    Defendants deny the allegations of Paragraph 111 of the Complaint.

23        112.    Defendants deny the allegations of Paragraph 112 of the Complaint.

24        113.    Defendants deny the allegations of Paragraph 113 of the Complaint.

25        114.    The allegations of Paragraph 114 of the Complaint contain legal conclusions to

26   which no admission or denial is required.  To the extent a response is required, Defendants deny

27   those allegations.

28

115.    The allegations of Paragraph 115 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

116.    Defendants deny the allegations of Paragraph 116.

117.    The allegations of Paragraph 117 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

118.    The allegations of Paragraph 118 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

119.    The allegations of Paragraph 119 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

120.    The allegations of Paragraph 120 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

121.    Defendants admit the allegations of Paragraph 121 of the Complaint.

122.    Defendants deny the allegations of Paragraph 122 of the Complaint.

123.    Defendants deny the allegations of Paragraph 123 of the Complaint.

124.    Defendants admit that the Posts address a matter of public concern.  Defendants lack sufficient information or belief to admit or deny the remainder allegations of Paragraph 124, and on that basis deny those allegations.

125.    The allegations of Paragraph 125 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

126.    The allegations of Paragraph 126 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

1      127.    The allegations of Paragraph 127 of the Complaint contain legal conclusions to
2  which no admission or denial is required.  To the extent a response is required, Defendants deny
3  those allegations.

4      128.    Defendants deny the allegations of Paragraph 128 of the Complaint.

5      129.    The allegations of Paragraph 129 of the Complaint contain legal conclusions to
6  which no admission or denial is required.  To the extent a response is required, Defendants deny
7  those allegations.

8      130.    Defendants deny the allegations of Paragraph 130 of the Complaint.

9      131.    Defendants deny the allegations of Paragraph 131 of the Complaint.

10      132.    The allegations of Paragraph 132 of the Complaint contain legal conclusions to
11  which no admission or denial is required.  To the extent a response is required, Defendants deny
12  those allegations.

13      133.    The allegations of Paragraph 133 of the Complaint contain legal conclusions to
14  which no admission or denial is required.  To the extent a response is required, Defendants deny
15  those allegations.

16      134.    Defendants deny the allegations of Paragraph 134.

17      135.    The allegations of Paragraph 135 of the Complaint contain legal conclusions to
18  which no admission or denial is required.  To the extent a response is required, Defendants deny
19  those allegations.

20      136.    The allegations of Paragraph 136 of the Complaint contain legal conclusions to
21  which no admission or denial is required.  To the extent a response is required, Defendants deny
22  those allegations.

23      137.    Defendants incorporate by reference all preceding responses to the preceding
24  paragraphs of the Complaint.

25      138.    The allegations of Paragraph 138 of the Complaint contain legal conclusions to
26  which no admission or denial is required.  To the extent a response is required, Defendants deny
27  those allegations.

28

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR RETALIATION FOR EXERCISE OF FIRST
AMENDMENT RIGHTS, IN VIOLATION OF 42 U.S.C. § 1983

1    139.    The allegations of Paragraph 139 of the Complaint contain legal conclusions to

2    which no admission or denial is required.  To the extent a response is required, Defendants deny

3    those allegations.

4    140.    The allegations of Paragraph 140 of the Complaint contain legal conclusions to

5    which no admission or denial is required.  To the extent a response is required, Defendants deny

6    those allegations.

7    141.    The allegations of Paragraph 141 of the Complaint contain legal conclusions to

8    which no admission or denial is required.  To the extent a response is required, Defendants deny

9    those allegations.

10    142.    The allegations of Paragraph 142 of the Complaint contain legal conclusions to

11    which no admission or denial is required.  To the extent a response is required, Defendants deny

12    those allegations.

13    143.    The allegations of Paragraph 143 of the Complaint contain legal conclusions to

14    which no admission or denial is required.  To the extent a response is required, Defendants deny

15    those allegations.

16    144.    The allegations of Paragraph 144 of the Complaint contain legal conclusions to

17    which no admission or denial is required.  To the extent a response is required, Defendants deny

18    those allegations.

19    145.    The allegations of Paragraph 145 of the Complaint contain legal conclusions to

20    which no admission or denial is required.  To the extent a response is required, Defendants deny

21    those allegations.

22    146.    The allegations of Paragraph 146 of the Complaint contain legal conclusions to

23    which no admission or denial is required.  To the extent a response is required, Defendants deny

24    those allegations.

25    147.    The allegations of Paragraph 147 of the Complaint contain legal conclusions to

26    which no admission or denial is required.  To the extent a response is required, Defendants deny

27    those allegations.

28

148.    The allegations of Paragraph 148 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

149.    The allegations of Paragraph 149 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

150.    The allegations of Paragraph 150 of the Complaint contain legal conclusions to which no admission or denial is required.  To the extent a response is required, Defendants deny those allegations.

## AFFIRMATIVE DEFENSES

Without waiving the right to assert that Plaintiff bears the burden of proof, as separate and distinct defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendants assert as follows:

### FIRST AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint is barred, in whole or in part, because Defendants' conduct was privileged and/or justified under the law and occurred in good faith based upon good cause and for legitimate business reasons.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate his alleged damages by, among other things, failing to use reasonable diligence in seeking comparable employment elsewhere.

### THIRD_AFFIRMATIVE DEFENSE

Any and all acts or omissions of Defendant City of Pacific Grove, and its agents and employees, including the individually named defendants, which allegedly caused the damages at the time and place set forth in the Plaintiff's Complaint and each cause of action therein which is subject to this action, were a result of the exercise of discretion vested in itself or in each individual employee or subject to government immunities, and therefore Defendants are not liable to Plaintiff for any of the alleged damages, pursuant to California Government Code

1    sections 815, 815.2, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, and 822.2 and any other applicable

2    statutory or common law immunity provisions.

3                              **FOURTH AFFIRMATIVE DEFENSE**

4            Defendant City of Pacific Grove is immune from liability for punitive damages by,

5    including but not limited to, Government Code section 818.

6                               **FIFTH AFFIRMATIVE DEFENSE**

7            Plaintiff's claim fails because his termination was justified given that the Defendant City

8    of Pacific Grove's legitimate administrative interests outweigh Plaintiff's First Amendment

9    rights.

10                              **SIXTH AFFIRMATIVE DEFENSE**

11           Defendants are entitled to offset for any monies received by Plaintiff from any source in

12   compensation for his alleged economic damages and non-economic damages under the common-

13   law doctrine of offset and under the doctrine prohibiting double recovery set forth in *Witt v.*

14   *Jackson* (1961) 57 Cal.2d 57 and its progeny.

15                             **SEVENTH AFFIRMATIVE DEFENSE**

16           To the extent Defendants obtain through discovery or otherwise after-acquired evidence

17   of wrongdoing by Plaintiff, the Complaint and each purported cause of action alleged therein are

18   barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence

19   limits and reduces Plaintiff's alleged damages.

20                              **EIGHTH AFFIRMATIVE DEFENSE**

21           Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the

22   extent Defendant City of Pacific Grove and its agents did not violate any clearly established

23   constitutional or statutory laws and acted reasonably and, therefore, are entitled to qualified

24   immunity.

25                                        **PRAYER**

26           WHEREFORE, Defendants pray for judgment that:

27           1.      Plaintiff takes nothing by reason of the Complaint on file herein, and that said

28   Complaint be dismissed with prejudice;

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR RETALIATION FOR EXERCISE OF FIRST
AMENDMENT RIGHTS, IN VIOLATION OF 42 U.S.C. § 1983

1      2.      Judgment be entered in favor of Defendants and against Plaintiff on all causes of

2   action;

3      3.      Defendants be awarded its costs of suit incurred herein;

4      4.      Defendants be awarded their attorneys' fees incurred by this action to the extent

5   permitted by law; and

6      5.      The Court award Defendants such other and further relief as it deems just and

7   proper.

8

9

10

11

12

13   Dated:  May 27, 2022                    JACKSON LEWIS P.C.

14

15                                          By:   /s/ Michael Y. Hsueh
                                                  Michael J. Christian
16                                                Michael Y. Hsueh
                                                  Attorneys for Defendants
17                                                CITY OF PACIFIC GROVE,
                                                  CALIFORNIA; CATHY MADALONE;
18                                                AND BEN HARVEY

19   4884-9042-7426, v. 1

20

21

22

23

24

25

26

27

28

                                       17                  Case No.: 5:22-cv-01079-SVK

1

## <u>CERTIFICATE OF SERVICE</u>

2

I, the undersigned, declare that I am employed with the law firm of Jackson Lewis P.C.,

3

whose address is 160 W. Santa Clara Street, Suite 400, San Jose, CA 95113; I am over the age of

4

eighteen (18) years and am not a party to this action.

5

On May 27, 2022, I served the attached document:

6

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR RETALIATION FOR
EXERCISE OF FIRST AMENDMENT RIGHTS, IN VIOLATION OF 42 U.S.C. § 1983**

7

8

in this action by placing a true and correct pdf format thereof, uploaded, and addressed as

follows:

9

10

Caleb E. Mason, Esq. (State Bar No. 246653)     Attorneys For Plaintiff,
WERKSMAN JACKSON & QUINN, LLP                   Michael Gonzalez

11

888 West Sixth Street, Fourth Floor
Los Angeles, California 90017

12

cmason@werksmanjackson.com
Telephone: (213) 688-0460

13

Facsimile: (213) 624-1942

14

☒     **BY CM/EC**F: With the Clerk of the United States District Court of California, using the
CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing

15

filing to the foregoing parties and counsel of record who are registered with the Courts CM/ECF
System.

16

I declare under penalty of perjury, under the laws of the State of California, that the

17

above is true and correct.

18

Executed on May 27, 2022, at San Jose, California.

19

20

_____*/s/ Valynn R. Castro*___
Valynn R. Castro

4884-9042-7426, v. 1

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR RETALIATION FOR EXERCISE OF FIRST
AMENDMENT RIGHTS, IN VIOLATION OF 42 U.S.C. § 1983